Nathan Ring, Esq.
Nevada State Bar No. 12078
STRANCH, JENNINGS & GARVEY PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, Nevada 89102
(725) 235-9750
nring@stranchlaw.com

Lynn A. Toops, *pro hac vice*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481
ltoops@cohenmalad.com

Martin F. Schubert, *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
mschubert@stranchlaw.com

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AGATHA CRUZ QUINATA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>SILVER STATE SCHOOLS CREDIT UNION,<br><br>    Defendant. | Case No. 2-25-cv-00640-RFB-EJY |

## **STIPULATED PROTECTIVE ORDER**

This matter comes before the Court on the Joint Motion for Entry of Stipulated Protective Order filed by Plaintiff, Agatha Cruz Quinata ("Plaintiff") and Defendant, Silver

State Schools Credit Union ("Silver State" or "Defendant") (collectively with Plaintiff, the "Parties"). ECF No. 40. Pursuant to Federal Rule of Civil Procedure 26(c)(l) and Federal Rule of Evidence 502(e), the Court hereby GRANTS the parties' joint motion as set forth herein.

This Protective Order governs the following subjects in the above-captioned case (the "Action"): (i) the exchange of discovery material by the Parties, (ii) the use or exhibition of documents and things during discovery, (iii) testimony that may contain confidential or proprietary financial, strategic, competitive, customer, or commercial information, as well as other kinds of commercially sensitive information within the meaning of Fed. R. Civ. P. 26(c)(l)(G), and (iv) the non-waiver of information subject to attorney-client privilege, work product protection, or other immunity or protection from disclosure.

The Parties and the Court agree that the disclosure of commercially sensitive information poses a substantial risk of harm to the legitimate proprietary interests of the Parties and third parties. Therefore, good cause exists for entry of this Order to preserve the confidentiality of certain documents and information, to outline procedures for and reasonable restrictions on the disclosure of sensitive materials, and to permit discovery to proceed without delay. The Parties and the Court further agree that good cause exists for entry of this Order to protect the Parties to the Action, to the fullest extent permissible by law, against any waiver of any attorney-client privilege, work product protection, or other immunity or protection from disclosure in this or any other federal or state proceeding that might otherwise arise from the disclosure, production, or exchange of information in this Action, and to outline procedures for handling the clawback of such protected information.

Accordingly, the Court hereby ENTERS the following Order, which shall control (i) the disclosure, dissemination, and use of confidential and/or proprietary information in

this Action, and (ii) the clawback of information subject to attorney-client privilege, work product protection, or other immunity or protection from disclosure following the disclosure of the same, which shall be deemed a non-waiver.

**I.    PROTECTION OF CONFIDENTIAL INFORMATION**

1.   This Order shall govern confidential and/or proprietary information disclosed during discovery in this Action, including, but not limited to, documents, things, requests, and responses to requests for production of documents and things, interrogatory answers, deposition testimony, answers to requests for admissions, expert reports, requests and responses to discovery demands, as well as any copies, notes, abstracts, or summaries of such information. The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of such protected information or material or references to such information or material as evidence at trial, or during a hearing or similar proceeding in this Action or as part of the record on appeal, provided that any Party may seek an appropriate Court Order to protect such material.

2.   Except with the prior written consent of the producing Party ("Producing Party"), any Material that the Producing Party designates as CONFIDENTIAL shall be considered "Protected Material" and shall not be disclosed to any person or used for any purpose except as expressly permitted in this Protective Order. The Producing Party may designate as "CONFIDENTIAL" any Material that it produces in this Action which contains (1) confidential, non-public financial, sales, marketing, customer or cost/pricing information, (2) confidential and proprietary internal business, strategic planning, or tactical information, (3) confidential personal information, (4) trade secrets, or (5) any other piece of information or record that the Producing Party believes in good faith must or may be protected from disclosure in accordance with the Federal Rules of Civil

Procedure or other applicable law (collectively, "Confidential Material").

3. The Parties submit that the following categories of information that may be discovered under this Protective Order may qualify as trade secrets or some other properly demarcated category of legitimately confidential information and accordingly may be Confidential Material, regardless of the form such information may take, including, but not limited to, documents, things, requests and responses to requests for production of documents and things, interrogatory answers, deposition testimony, answers to requests for admissions, expert reports, and other requests and responses to discovery demands, as well as any copies, notes, abstracts, or summaries of such information, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admissions, or other formal methods of discovery:

- Research and development data;
- Pricing information, including sales and profits;
- Financial data, including sales, marketing, and costs data;
- Confidential business information;
- Personal Identifying Information; and/or
- Identities and lists of customers and vendors.

4. If discovery is sought from a non-party to this Action, the words "Party" and "Parties" herein shall be read to include that non-party once that non-party informs the Parties to this Action in writing or by e-mail that it is invoking the terms of this Protective Order. Any such non-party shall have all the rights and all the responsibilities set forth under this Protective Order, including the responsibilities with respect to any material designated CONFIDENTIAL that it receives. Additionally, any such non-party shall have standing to appear in this Action to file motions and oppose motions, as necessary, to

protect such non-party's rights in its Confidential Material.

5. Each Party and all other persons bound by the terms of this Protective Order shall use material designated CONFIDENTIAL by any Party other than itself solely for the purpose of this Action, and not for any other purpose whatsoever. The receiving Party ("Receiving Party") shall not make any copies, duplicates, extracts, summaries, or descriptions of Confidential Material except as may be reasonably necessary in the litigation of this Action. This Order shall be fully applicable to all such copies, duplicates, extracts, summaries, or descriptions of Confidential Material.

6. Confidential Material that is produced by a Party shall be clearly marked or stamped with the legend "CONFIDENTIAL." Such legend shall be placed on every page of a multi-page document, or filenames and metadata load files for documents produced in native format. Such legend need not be placed on the original document of the Producing Party but instead may be placed upon copies produced or exchanged. Subject to the exceptions set forth below in this Protective Order, as to each document or portion so marked, the Receiving Party shall not disclose such document or portion or the contents thereof to others unless by specific order of this Court or by written consent of the Producing Party.

7. Interrogatories or the answers thereto, requests for admissions or the responses thereto, motions, briefs, memoranda, correspondence, and other documents prepared, produced, served, and/or filed in connection with this Action, or portions of the foregoing, containing Confidential Material or quoting or referring to the substance of any Confidential Material may be similarly designated or treated as CONFIDENTIAL in accordance with the provisions and procedures of this Protective Order. Any Interrogatory Answer, Responses to Requests for Production of Document, or Responses to Requests for

Admission not specifically designated as CONFIDENTIAL will not be considered as such, despite the fact that they are served with other information that is considered CONFIDENTIAL.

8. All or part of any oral or written deposition testimony may be designated CONFIDENTIAL either (a) at the time the testimony is given, or (b) within ten (10) business days following receipt of a non-draft version of the transcript by written notice to the court reporter, with a copy of the notice to counsel for each Party to the Action of the specific pages and lines of the transcript that contain Confidential Material. Such written notification shall then be attached by the Receiving Party and/or the reporter to the transcript and each copy thereof in its possession, custody, or control. All deposition transcripts shall be treated as CONFIDENTIAL in their entirety until ten (10) business days following receipt of the transcript unless receipt of confidentiality designations is received earlier. Deposition exhibits previously designated CONFIDENTIAL need not be re-designated to retain their status as Confidential Material. If a Party designates an entire deposition as CONFIDENTIAL, that Party shall, within ten (10) business days of receiving a copy of the deposition transcript, de-designate any non-confidential portions or confirm in writing that the entire transcript shall remain designated CONFIDENTIAL.

9. Absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

    a. Plaintiff;

    b. Defendant and its employees;

    c. Outside counsel for the Parties;

    d. Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel to

assist in the preparation of this case;

e. Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

f. The Court, court reporters, videographers, stenographers, and court personnel;

g. The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation;

h. The author or recipient of the document (not including a person who received the document in the course of litigation);

i. Other persons only by written consent of the Producing Party and only if that person has signed a copy of Exhibit A or upon order of the Court and on such conditions as may be agreed or ordered.

j. During depositions and in preparation for depositions, non-party witnesses in this action to whom disclosure is reasonably necessary, provided they have signed form of the Certification Regarding Protective Order attached hereto (**"Attachment A"**);

k. Any former employee of the Producing Party, provided they have signed form of the Certification Regarding Protective Order attached hereto (**"Attachment A"**); (if they were employed by the Producing Party when the Confidential Material was created).

Nothing in this Order prevents a party from sharing its own CONFIDENTIAL information with any individual as the party deems necessary or appropriate.

10. No disclosure of Confidential Material shall be made by any person authorized to have access thereto to any person who is not authorized for such access under this Protective Order. The Parties shall safeguard all designated material to protect against disclosure to any unauthorized persons or entities.

11. Should any material designated CONFIDENTIAL under this Protective Order be disclosed through inadvertent, mistaken, or unintentional disclosure ("Inadvertent/Mistaken Disclosure") by the Receiving Party to any person not entitled to receive the material, there shall be no waiver or loss of confidentiality. The inadvertently/mistakenly disclosing Party shall immediately inform counsel for the Producing Party of the Inadvertent/Mistaken Disclosure.

The inadvertently/mistakenly disclosing Party shall also exercise all reasonable efforts to retrieve any such Confidential Material disclosed to persons not authorized to receive the Confidential Material under this Protective Order and to ensure that no further or greater unauthorized or Inadvertent/Mistaken Disclosure and/or use thereof is made.

12. A Party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. The Parties will hold a Meet and Confer within ten (10) business days of receiving the written notification. If the Parties cannot resolve the objection during the Meet and Confer, it shall be the obligation of the Party contesting the designation of information as "CONFIDENTIAL" to file an appropriate motion within ten (10) business days after the Meet and Confer meeting requesting that the Court determine whether the disputed

information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as designated by the Producing Party under the terms of this Protective Order until the Court rules on the motion. If the non-designating Party fails to file such a motion within the prescribed time, the disputed information shall retain its designation. In connection with the motion filed under this provision, the Party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be so designated and treated under the terms of this Protective Order.

Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

13. The restrictions set forth in this Order regarding the protection of CONFIDENTIAL information shall not apply or shall cease to apply to any material or information that:

a. at the time of disclosure hereunder, was already lawfully in the possession of the Receiving Party and was not acquired from any third party under obligation of confidence to the Producing Party;

b. after disclosure hereunder, is acquired by the Receiving Party from a third party lawfully possessing the same and having no obligation to the Producing Party hereunder;

c. after disclosure hereunder, is developed by the Receiving Party independently of any Confidential Material obtained from the Producing Party;

d. after disclosure hereunder, is disclosed to a third party by the Producing Party without an obligation of confidentiality;

e. prior to the disclosure, was available to the public, or subsequent to the

disclosure, has become available to the public through no fault of the Receiving Party; or

  f. that is used or admitted in open court without objection; the Parties shall be permitted to raise any objections until the Parties' deadline to file with the Court a notice of intent to request redaction of the transcript of the Court proceeding.

 14. At the conclusion of this Action, including any appeals, the originals and all copies of produced data, including electronic copies and including those provided to outside experts and other third parties, but excluding those provided to the Court, shall be returned to the Producing Party or destroyed, except that neither Party nor the Court shall be obliged to return or destroy any materials or any photocopies thereof that : (a) were admitted into evidence at trial or at any hearing; (b) were incorporated, as an exhibit, appendix, or otherwise, as part of a document filed with or submitted to the Court; or (c) are required to be maintained by experts for malpractice insurance reasons. To the extent the communication or information in question may exist on any computer or back-up media which cannot be reasonably deleted, it may be retained until such time as the media is subject to routine deletion or destruction, provided that no person attempts to access the contents of the communication or information unless allowed under the terms of this Order. Notwithstanding this provision, counsel shall be entitled, without violating this Protective Order, to retain archival copies of pleadings, affidavits, declarations, motions, briefs, expert reports, correspondence (including email and internal correspondence), any other papers or materials filed with the Court, deposition transcripts, the trial record, and attorney work product (regardless of whether such materials contain or reference information designated CONFIDENTIAL), and any attachments or exhibits to any such categories of documents, so long as the materials are governed by this Protective Order.

Written certification of compliance with these post-conclusion requirements shall be provided to the Producing Party not later than sixty (60) days after final termination of this Action. Any Party's failure to provide such post-conclusion certification of compliance with may be relied upon by the Producing Party as such certification.

15. The terms of this Order shall survive the final termination of this Action to the extent that any Protected Material is not or does not become publicly available.

16. This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors and other persons or organizations over which they have control.

17. This Order is not intended to govern the use of material designated CONFIDENTIAL at the trial of this Action. Procedures governing the use of material designated CONFIDENTIAL at trial will, if necessary, be established by separate order, pursuant to application to the Court by one or more of the Parties, after the Parties have met and conferred in a good faith attempt to reach agreement on the terms of such an order. Nothing in this Protective Order shall preclude any Party from moving the Court to seal the courtroom, trial exhibits, or trial transcript in order to preserve the confidential nature of any material designated as CONFIDENTIAL.

18. This Order may be amended by further order of the Court and is without prejudice to the rights of any Party to move for relief from any of its provisions or to seek or agree to different or additional protection for any particular material or information.

II. **NON-WAIVER OF PRIVILEGE AND OTHER PROTECTIONS**

19. Pursuant to Fed. R. Evid. 502(d), the disclosure or production of a

communication or information protected by the attorney-client privilege, work product doctrine, and/or any other privilege or immunity ("Protected Information") that is made in connection with this Action, whether inadvertent or otherwise, shall not constitute a waiver of the attorney-client privilege, work product protection, and/or other privilege or immunity available with respect to that communication or information in this or any other federal or state proceeding under any circumstances. This Order applies regardless of whether the communication or information disclosed or produced describes or relates to this Action.

20. A Receiving Party is under a good faith obligation to promptly alert a Producing Party if a communication or information is disclosed or produced by the Producing Party that appears to be Protected Information on its face or in light of facts known to the Receiving Party. To effectuate a clawback, upon learning of the production of Protected Information, the Producing Party who made the disclosure shall send written notice of the production to all Receiving Parties. The Producing Party need not provide any explanation or evidence regarding the reasonableness of the efforts taken to prevent production, and the Receiving Parties agree not to challenge the reasonableness of such efforts. The notice shall identify the communication or information that was produced (including the format of the production- e.g., paper, electronically stored information) and the date(s) of production. If the Producing Party claims that only a portion of the communication or information is protected, the Producing Party shall provide a new copy of the communication or information with the allegedly privileged or protected portions redacted.

21. Nothing in this Order shall be construed to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance and

responsiveness and/or require the production of any communication or information that a Party contends is covered by the attorney-client privilege and/or the work product protection.

Let the Clerk file a copy of this Stipulated Protective Order electronically and notify all counsel of record.

**IT IS SO ORDERED.**

DATED: October 29, 2025

_____
UNITED STATES MAGISTRATE JUDGE

APPROVED AND STIPULATED TO BY:

*/s/ Nathan Ring, Esq.*
Nathan Ring, Esq.
STRANCH, JENNINGS & GARVEY PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, Nevada 89102
(725) 235-9750
nring@stranchlaw.com

Lynn A. Toops, *pro hac vice*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481
ltoops@cohenmalad.com

Martin F. Schubert, *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com
mschubert@stranchlaw.com

*Attorneys for Plaintiff and the Putative Class*

*/s/ Scott Sinson, Esq.*
Scott Sinson, *pro hac vice*
Jennifer N. Abdo, *pro hac vice*
GORDON REES SCULLY MANSUKHANI
One North Wacker, Suite 1600
Chicago, IL 60606
Phone: 312.261.9450
ssinons@grsm.com
jabdo@grsm.com

Sean P. Flynn, Esq.
GORDON REES SCULLY MANSUKHANI
1 E. Liberty St., Ste. 424
Reno, NV 89501
Phone: 775-457-2610
sfylnn@grsm.com

*Counsel for Defendant Silver State Schools Credit Union*